IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CORTEZ,

    Plaintiff,　　　　　　　　　　　No. CIV S-09-2807 EFB P

  vs.

DANSBY, et al.,

    Defendants.　　　　　　　　　　ORDER
_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    On January 20, 2010, the court dismissed plaintiff's complaint with leave to amend. On March 4, 2010 plaintiff filed an amended complaint. Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1    Plaintiff alleges that defendant Dansby "was authorize[d] to confiscate [plaintiff's]
2 personal property[,] which was the direct cause for the lost [sic] of plaintiff's property.  Am.
3 Compl., ¶ 3.  Plaintiff alleges that some of his property was returned to him two weeks later, but
4 that some of his property is missing or lost.  *Id.* ¶ 9.
5    In dismissing plaintiff's original complaint, which made similar allegations, the court
6 informed plaintiff that:

> The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  California provides an adequate postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

15 Dckt. No. 8 at 3.  In his amended complaint, plaintiff terms defendant Dansby's confiscation of
16 plaintiff's property as "authorized."  However, plaintiff does not allege that defendant was acting
17 pursuant to an established procedure, regulation, or statute.  Liberally construed, it appears that
18 plaintiff use of the word "authorized" is an attempt to plead a policy or established practice.
19 However, even assuming the deprivation was authorized pursuant to an established procedure,
20 regulation, or statute, plaintiff does not allege that he was denied adequate process required by
21 the Due Process Clause.  Without alleging either that the conduct was authorized pursuant to a
22 state procedure or that the postdeprivation remedies available were somehow inadequate,
23 plaintiff has failed to state a claim for relief.  Further, plaintiff claims that after defendant
24 confiscated plaintiff's property, some of the property went missing or lost, suggesting that the
25 deprivation may have been unauthorized and/or negligent.  Plaintiff cannot establish a section
26 1983 claim for unauthorized or negligent deprivation of property without due process of law,

2

1 because California law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at
2 533 (holding that a prisoner cannot state a constitutional claim for deprivation of a property
3 interest where the state provides an adequate post-deprivation remedy); *Barnett*, 31 F.3d at
4 816-17 ("California Law provides an adequate post-deprivation remedy for any property
5 deprivations."). Consequently, plaintiff's due process claim is dismissed.

6     Accordingly, the court hereby ORDERS that this action is dismissed for plaintiff's failure
7 to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir.
8 2000) (indigent prisoner proceeding without counsel must be given leave to file amended
9 complaint unless the court can rule out any possibility that the plaintiff could state a claim).

10 Dated: September 23, 2010.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE